UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL BOYD, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:19-cv-01948-LSC-SGC |
| CARPENTER, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On October 13, 2020, the magistrate judge entered a report (Doc. 11), recommending this Petition for Writ of Habeas Corpus (Doc. 1) be dismissed with prejudice as untimely. On October 29, 2020, Petitioner Crystal Boyd filed a letter addressed "To Whom it may Concern." (Doc. 12). The court will construe the letter as objections to the report and recommendation.

In the letter, Petitioner states: "I would like for someone to explain to me, why it is Time Barred, when I'm on a Split Sentence and still under my Judge's Jurisdiction? When at any given moment the judge can do what he pleases with my life." (*Id.*).

The magistrate judge explained in the report and recommendation:

> Here, Boyd entered her plea of guilty and was sentenced on August 22, 2016. (Doc. 1 at 1). Thus, her sentence became final for purposes of 28 U.S.C. § 2244(d) on October 3, 2016. The limitations period began to run the following day, October 4, 2016. *See San Martin v. McNeil*, 633

> F.3d 1257, 1266 (11th Cir. 2011) (holding day after event marking finality was first day of AEDPA's one-year limitation period because Rule 6(a)(1) of the *Federal Rules of Civil Procedure* requires the day of the event that triggers a time period to be excluded from its computation). Under § 2244(d)(1)(A), AEDPA's one-year limitation period commenced for Boyd on October 4, 2016 and expired on October 4, 2017. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting "limitations period expires on the anniversary of the date it began to run"). Boyd did not file the present petition until November 22, 2019, over two years after the statute of limitations expired.

(Doc. 11 at 4).

The magistrate judge also found neither statutory tolling nor equitable tolling was applicable to this case and that the plaintiff was not entitled to an "actual innocence" exception to the statute of limitations. (*Id.* at 5-6). The court agrees.

After careful consideration of the record in this case, the magistrate judge's report, and the objections filed by Petitioner, the court **OVERRULES** Petitioner's objections. The court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendation. In accordance with the recommendation, the court finds that the Petition for Writ of Habeas Corpus is due to be dismissed with prejudice as untimely.

A separate order will be entered.

**DONE** and **ORDERED** on November 6, 2020.

_____
L. Scott Coogler
United States District Judge

160704